# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LINDA JACOBS,                                    Case No. 1:21-cv-306
      Plaintiff,                              Dlott, J.
                                                 Litkovitz, M.J.
      vs.

LORI WATSON, Individually and as                 **REPORT AND**
Trustee of the Robert J. Henderson Revocable     **RECOMMENDATION**
Living Trust, as Amended and Restated,
      Defendant.

Plaintiff Linda Jacobs, a resident of Ohio, brings this action against defendant Lori Watson, a resident of New York, alleging three causes of action under Ohio law stemming from defendant's alleged mismanagement of a trust, in which plaintiff and defendant are vested residual beneficiaries. (Doc. 2).[1] This matter is before the Court on defendant's motion to dismiss (Doc. 3), plaintiff's response in opposition and motion, in the alternative, for leave to amend the complaint (Doc. 5), and defendant's reply memorandum (Doc. 6).

## I. Factual Allegations

This case arises from events following the creation of a trust by plaintiff and defendant's father, Robert Henderson ("Henderson"). Plaintiff makes the following factual allegations in the complaint: Henderson had four children including plaintiff and defendant. (Doc. 2 at PAGEID 26). On November 1, 1991, Henderson executed the Robert J. Henderson Revocable Trust ("Trust"). (*Id.*). Henderson amended and restated the Trust on several occasions and subsequently passed away on January 24, 2016. (*Id.* at PAGEID 26-27). Plaintiff alleges that "[a]fter the passing of Robert Henderson, tensions arose between Jacobs [plaintiff], Bobby Henderson [one of plaintiff's and defendant's siblings and second alternate trustee of the Trust]

---

[1] Plaintiff filed her complaint in the Hamilton County Court of Common Pleas, Hamilton County, Ohio. (Doc. 1). Defendant removed the civil action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. (*Id.*).

and Watson [defendant] as it related to the Trust." (*Id*. at PAGEID 28). Plaintiff alleges, inter alia, that Watson, as trustee, mismanaged Jacob's interest in the Trust causing her harm.

Plaintiff alleges three causes of actions under Ohio law arising from defendant's alleged mismanagement of the Trust: Breach of Trust/Violation of Prudent Investor's Act, in violation of Ohio Rev. Code § 5809.01 *et seq.* (Count I); Breach of Fiduciary Duty/Breach of Trust, in violation of Ohio Rev. Code § 5801.01 and .04 (Count II); and Accounting, pursuant to Ohio Rev. Code § 5808.13(A) (Count III). (Doc. 2 at PAGEID 33-37).

## II. Motion to Dismiss (Doc. 3)

### A. The Parties' Positions

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 3). Defendant argues that plaintiff's complaint fails to state a claim for relief because the complaint alleges causes of action strictly under Ohio law, while "[t]he Trust provides that it is to be construed under the laws of the State of Florida." (*Id*. at PAGEID 39) (citing Doc. 3-1 at PAGEID 60).

Plaintiff argues in opposition that defendant's motion to dismiss should be denied as premature because defendant "improperly cites facts outside of the Complaint, conducts at best a cursory analysis of Ohio's choice of law provisions, and completely ignores that Florida has nearly identical statutory provisions as Ohio relating to [plaintiff's] three claims." (Doc. 5 at PAGEID 64). In the alternative, plaintiff requests leave to amend the complaint pursuant to Fed. R. Civ. P. 15 to substitute citations to Florida law if the Court concludes that Florida law applies. (*Id*. at PAGEID 64, 71-72).

### B. Standard of Review

Defendant moves the Court to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. (Doc. 3). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashcroft*, 556 U.S. at 678. "Put another way, bare assertions of legal conclusions are not sufficient." *Sollenberger v. Sollenberger*, 173 F. Supp. 3d 608, 618 (S.D. Ohio 2016). "To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough." *Id.* at 617.

The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## III. Resolution

The issue presented by defendant's motion to dismiss is whether the Court should dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) because plaintiff's complaint alleges three causes of action under Ohio law despite the choice of law provision in the Second Restatement and Amendment to the Trust ("Amended Trust") indicating that Florida law is the applicable forum's law which is to be applied to the Amended Trust.

As an initial matter, the Court must determine whether it may consider the exhibit attached to defendant's motion to dismiss, i.e., a copy of Amended Trust, without converting the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). Generally, in deciding a motion to dismiss, the Court is limited to the allegations of the complaint and may not resort to matters outside the pleadings. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). However, when a document is attached to the complaint and is integral to plaintiff's claims, the Court may consider such document without converting a motion to dismiss to one for summary judgment. *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013) (citing *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Likewise, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic*

4

*Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *accord Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

Here, defendant attached a copy of the Amended Trust as an exhibit to the motion to dismiss. (Doc. 3-1). Plaintiff's complaint refers to, and specifically cites provisions of, the Amended Trust as the basis for the three causes of action. (Doc. 2). Accordingly, the Amended Trust is integral to plaintiff's claims, and the Court's consideration of the Amended Trust is not deemed to involve a matter or document outside the pleading. *See Allen v. Int'l Truck & Engine Corp.*, No. 3:07-cv-361, 2009 WL 863591, at *4 (S.D. Ohio Mar. 31, 2009) (finding the contract attached to the defendant's motion to dismiss did not convert the motion to dismiss to a motion for summary judgment because the plaintiff's complaint frequently referred to the contract and sought to enforce the plaintiff's rights under the contract).

### A. The Execution of the Amended Trust

Henderson, as the grantor of the Trust, executed the Amended Trust on February 28, 2012. (Doc. 3-1 at PAGEID 44, 61-62). The Amended Trust was signed by Henderson in the County of Sarasota, State of Florida and was witnessed in the presence of two individuals, both residing in Sarasota, Florida. (*Id.* at PAGEID 61-62). Further, the Amended Trust was sworn and subscribed before a State of Florida Notary Public, and it listed Henderson's address as 1350 Main Street, Unit 1410, Sarasota, Florida 34236. (*Id.*). Article 9.10 of the Amended Trust provides:

> 9.10) This agreement shall be construed under the laws of the State of Florida. In addition, the principal place of administration shall be Sarasota County, Florida.

(*Id.* at PAGEID 60). Further, Article 6 of the Amended Trust provides that the "estate and inheritance taxes, if any, be paid from the Article 8 residue" pursuant to "Section 733.817 of the Florida Statutes." (*Id.* at PAGEID 48).

### B. Ohio's Choice of Law Principles

Defendant contends that Florida law, not Ohio law, governs the administration of, and any disputes arising under, the Amended Trust pursuant to the choice of law provision contained in the Amended Trust, which provides that it will be governed by the laws of Florida. (Doc. 3; Doc. 3-1 at PAGEID 60). In determining whether Florida or Ohio law governs plaintiff's claims in this case, the Court looks to Ohio conflicts of law principles. "A federal court exercising its diversity jurisdiction applies the conflicts of law rules of the state where it sits." *Troy Stacy Enter. Inc. v. Cincinnati Ins. Co*., No. 1:20-cv-312, 2021 WL 4346688, at *3 (S.D. Ohio Sept. 24, 2021) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941)). *See also Concheck v. Barcroft*, No. 2:10-cv-656, 2011 WL 3359612, at *7 (S.D. Ohio Aug. 3, 2011) ("In cases based on diversity jurisdiction, this Court must apply Ohio's conflict of law rules when the applicable law is in dispute.") (citing *Johnson v. Ventra Group, Inc*., 191 F.3d 732, 738 (6th Cir. 1999)).

"The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws as the governing law for Ohio conflicts issues." *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998) (citing *Lewis v. Steinreich*, 652 N.E.2d 981, 984 (Ohio 1995); *Morgan v. Biro Mfg. Co., Inc*., 474 N.E.2d 286, 288-89 (Ohio 1984)). Section 268(1) of the Restatement concerning the construction of trust instruments provides that an "instrument creating a trust of interests in movables is construed in accordance with the rules of construction of the state designated for this purpose in the instrument." Restatement (Second) of Conflict of Laws § 268 (1971). *See also Id.* at § 272 ("The administration of an inter vivos trust of interests in movables is governed as to matters which can be controlled by the terms of the trust (a) by the local law of the state designated by the settlor to govern the administration of the trust. . . ."). The administration of a

6

trust includes matters relating to the management of the trust, such as "liabilities which may be incurred by the trustee for breach of trust" and "questions as to what are proper trust investments." *Id*. at § 271 Comment a., § 272 Comment a. Where the trust instrument fails to designate that the laws of a particular state govern, the trust is construed:

> (a) as to matters pertaining to administration, in accordance with the rules of construction of the state whose local law governs the administration of the trust, and

> (b) as to matters not pertaining to administration, in accordance with the rules of construction of the state which the testator or settlor would probably have desired to be applicable.

*Id.* at § 268(2).

In this case, the Amended Trust instrument states:

> This agreement shall be construed under the laws of the State of Florida. In addition, the principal place of administration shall be Sarasota County, Florida.

(Doc. 3-1 at PAGEID 60). Because the Amended Trust specifies the state law under which its provisions should be construed, the law of Florida governs the choice of law in this case. Restatement (Second) of Conflict of Laws §§ 268(1), 272.[2]

Plaintiff suggests that a different provision of the Restatement applies – Restatement (Second) of Conflict of Laws § 187(2) – making the choice of law analysis in this case premature in the absence of additional facts and evidence surrounding the claims alleged. (Doc. 5 at PAGEID 65-66). However, even if the Court were to apply this section of the Restatement, which governs contract disputes, the result would be the same: Florida law applies in this case.

---

[2] Although the Court was unable to find any Ohio case law on point, the Restatement (Second) of Conflict of Laws § 268(1) has been relied on by other courts in concluding that a choice of law clause in an inter vivos trust must be given effect. *See, e.g., In re Ests. of Restaino*, No. 2-16-947, 2017 WL 4844297 (Ill. App. Oct. 24, 2017); *Becker v. Bank of New York Mellon Tr. Co., N.A.*, 172 F. Supp. 3d 777, 787 (E.D. Pa. 2016); *Flaherty v. Flaherty*, 638 A.2d 1254, 1255 (N.H. 1994).

Ohio has adopted the Restatement (Second) of Conflict of Laws to govern choice of law questions in contractual disputes. *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 714 (6th Cir. 2015). *See also Troy Stacy*, 2021 WL 4346688, at *3; *Concheck*, 2011 WL 3359612, at *7. Where the contract[3] includes a choice of law provision, "Ohio courts apply § 187(2) of the Restatement (Second) of Conflict of Laws in determining what forum's law to apply." *Concheck*, 2011 WL 3359612, at *7 (citing *Schulke Radio Prod. Ltd. v. Midwestern Broad. Co.*, 453 N.E.2d 683, 686 (Ohio 1983)). Section 187(2) of the Restatement (Second) of Conflict of Laws provides:

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or
>
> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187(2) (1988 Revision). "Under Ohio law, contractual choice-of-law provisions are valid and enforceable." *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc*., 852 F. Supp. 2d 925, 932 (S.D. Ohio 2012) (citing *Schulke Radio Prods.*, 453 N.E.2d at 686). If, however, the contract does not include a choice of

---

[3] Although this matter involves a trust as opposed to a contract, the Sixth Circuit has suggested that choice of law provisions in trusts "serve an identical purpose whether they appear in trust instruments or contracts[.]" *Osborn v. Griffin*, 865 F.3d 417, 443 (6th Cir. 2017).

8

law provision, then the Court must examine § 188 to determine the proper choice of law applied

to the contract. *Troy Stacy*, 2021 WL 4346688, at *3.[4]

Here, the Amended Trust includes a choice of law provision which expressly provides

that the "agreement shall be construed under the laws of the State of Florida." (Doc. 3-1 at

PAGEID 60). Moreover, there is "no indication that either of the two exceptions [in Section

187(2) of the Restatement (Second) of Conflict of Laws] are applicable to this case[.]"

*Concheck*, 2011 WL 3359612, at *7.

First, Florida has a substantial relationship to the parties and the Trust because the

Amended Trust was executed and signed in Florida; was witnessed in the presence of individuals

who both resided in Florida; and was sworn and subscribed before a State of Florida Notary

Public. (Doc. 3-1 at PAGEID 61-62). Further, in addition to the inclusion of the choice of law

provision, the Amended Trust also provided that "the principal place of administration [of the

Trust] shall be Sarasota County, Florida." (*Id*. at PAGEID 60). Moreover, the Amended Trust

specified that the address of Henderson, the Grantor of the Trust, was in the State of Florida. (*Id*.

---

[4] Section 188 of the Restatement (Second) of Conflict of Laws provides that:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

> (2) In the absence of an effective choice of law by the parties (*see* § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

> (a) the place of contracting,
> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 188 (1971).

at PAGEID 61). Finally, Henderson manifested an intention that Florida law govern estate and inheritance taxes under Section 733.817 of the Florida Statutes. (*Id*. at PAGEID 48). Accordingly, Section 187(2)(a) of the Restatement (Second) of Conflict of Laws does not apply.

Second, "there is no indication that application of [Florida] law would lead to a result contrary to the fundamental policy of Ohio." *Concheck*, 2011 WL 3359612, at *7. This is especially true given plaintiff's repeated contention that "Florida has nearly identical statutory provisions as Ohio relating to [plaintiff's] three claims." (Doc. 5 at PAGEID 64, 67-72). Therefore, Section 187(2)(b) of the Restatement (Second) of Conflict of Laws is inapplicable to this case.

Plaintiff nevertheless argues that "if given the opportunity to analyze the choice of law issues" she would introduce evidence that the brokerage account that was allegedly mismanaged by defendant was administered by a broker in Ohio; the "overwhelming majority of the assets" in the Trust, including a primary residence, business assets, and brokerage accounts, were "located in Ohio"; and "the only assets located in Florida were his [Henderson's] personal condominium and a rental condominium." (Doc. 5 at PAGEID 66). Plaintiff's proposed evidence would not change the result in this case on the Court's choice of law determination because the Amended Trust specifically includes a choice of law provision. Accordingly, the presence of the choice of law provision in the Amended Trust obviates the Court's responsibility to determine which state has the most significant relationship to the transaction and the parties, as contemplated by § 188 of the Restatement (Second) of Conflict of Laws. *See Nat'l Union Fire Ins. Co. v. Watts*, 963 F.2d 148, 150 (6th Cir. 1992) (stating that Ohio's choice of law rules require that the law of the state with the most significant relationship to the contract should govern disputes arising from the contract *when the parties have not specified which state's*

10

*substantive law should apply*, and that Ohio has adopted the test set forth in the Restatement

(Second) of Conflict of Laws § 188 to determine which state has the more significant

relationship to the contract). *See also Gries Sports Enter., Inc. v. Modell*, 473 N.E.2d 807, 810

(Ohio 1984) (finding that § 188 applies only when the parties have not designated a choice of

law provision).

Pursuant to the provisions of the Restatement (Second) of Conflict of Laws cited above,

and consistent with the choice of law provision in the Amended Trust, the Court concludes that

Florida law applies in this case.

**IV.  Plaintiff's Motion for Leave to Amend the Complaint (Doc. 5 at PAGEID 71-72)**

Plaintiff seeks to amend her complaint in this matter pursuant to Fed. R. Civ. P. 15 if "the

Court holds that Florida law controls[.]"  (Doc. 5 at PAGEID 72).  Plaintiff argues that "the

claims will be identical, with the exception of citation to Florida statutes."  (*Id*.).

In response, defendant argues that plaintiff's motion should be denied because the "need

to amend is solely her [plaintiff's] own fault" and plaintiff "could have avoided her mistake by

simply reading the Trust."  (Doc. 6 at PAGEID 77-78).

Fed. R. Civ. P. 15(a) governs amendments to the pleadings.  A complaint may be

amended once as a matter of course within 21 days of service.  Fed. R. Civ. P. 15(a)(1)(A).  If a

plaintiff wishes to amend the complaint after the 21-day period has expired, as in this case, she

must obtain written consent of the opposing party or leave of the Court.  Fed. R. Civ. P. 15(a)(2).

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within

the discretion of the trial court.  Leave to amend a complaint should be liberally granted.  *Foman

v. Davis*, 371 U.S. 178 (1962).  "In deciding whether to grant a motion to amend, courts should

consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving

party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff did not unduly delay seeking leave to amend, there is no evidence of bad faith on plaintiff's part, defendant will not be unduly prejudiced by the amendment given the early stage of this lawsuit, and the amendment of the complaint would not be futile because "[a]ny amendment would simply involve citation to Florida statutes rather than Ohio." (Doc. 5 at PAGEID 72). The Court therefore recommends that plaintiff's motion in the alternative for leave to amend the complaint under Fed. R. Civ. P. 15(a) (Doc. 5) should be GRANTED. If this recommendation is adopted, the undersigned further recommends that defendant's motion to dismiss (Doc. 3), which is directed at the original complaint, should be DENIED as moot.

### IT IS THEREFORE RECOMMENDED:

1. Plaintiff's motion, in the alternative, for leave to amend the complaint pursuant to Fed. R. Civ. P. 15 (Doc. 5) should be **GRANTED**; and

2. If plaintiff is granted leave to amend the complaint, defendant's motion to dismiss (Doc. 3) should be **DENIED** as moot.

Karen L. Litkovitz
Chief United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LINDA JACOBS,                                              Case No. 1:21-cv-306
      Plaintiff,                                        Dlott, J.
                                                    Litkovitz, M.J.

      vs.

LORI WATSON, Individually and as
Trustee of the Robert J. Henderson Revocable
Living Trust, as Amended and Restated,
      Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof.  This period may be extended further by the Court on timely motion by either side for an extension of time.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).